ALBERT GOWKOSKI, Appellant, *v.* ELIJAH DAY, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

The Supreme Court will not reverse a decree which is sustained by proof, and is not erroneous in law.

THE decree in this case was ordered by J. M. WILSON, Judge, at February term, 1854, of the Cook County Common Pleas Court.

The opinion of the Court furnishes a statement of the case.

H. F. WAITE, for Appellant.

W. W. FARWELL, for Appellee.

CATON, J. This bill was filed to enforce the specific performance of a contract for the sale of a lot in the city of Chicago. The bill alleges the making of a written contract in duplicate, for the sale of the lot, stating the terms of the contract, and that the complainant's copy was left at Lind's office for the purpose of having a subsequent arrangement about insurance indorsed upon it, since which time it has not been found, after diligent search. The answer denies the execution of any such contract on the part of the defendant, but that the instrument executed by him was only a lease of the premises in question. The only question in the case is whether such a contract was made and executed, as is alleged in the bill, for the sale of the lot. The oath of the defendant to his answer is waived in the bill.

James Smith testifies that both parties appeared before him, and stated that the defendant had agreed to sell to the complainant the premises in question, for the price and upon the terms as stated in the complainant's bill, and at their request he drew up an agreement in duplicate, embodying the terms as agreed upon, both of which duplicates were executed by both of said parties, and a copy delivered to each; that a few days subsequently, the complainant called on the witness and left with him his copy of said agreement, for the purpose of having an agreement indorsed upon it in reference to the insurance of the house upon the premises, and that both parties told the witness what said agreement was to be, and in pursuance thereof he indorsed the agreement upon the complainant's copy of the contract, which, subsequently, the defendant refused to sign; that the witness left the complainant's copy of the contract with Lind when he went south, since which time the witness had not seen it. The testimony of this witness is full, ample and positive that the defendant did, understandingly, execute an agreement as stated in the bill, for the sale of the lot to the complainant, and unless we are prepared to say that this witness has knowingly testified to that which is false in fact, the complainant's case is certainly made out by him. The witness testifies that nothing was said in any of the interviews between the parties in his presence, about a lease, but it was distinctly understood to be a sale of the premises. An attempt was made in the cross-examination to throw discredit upon the testimony

of this witness, by showing that he had had a difficulty with the defendant, and that he entertained enmity towards him, but this attempt, to say the most, succeeded to a very limited extent, and certainly not enough to raise any serious doubt of the veracity of the witness; besides, his respectability and veracity are vouched for very satisfactorily by the defendant's own witnesses, and we cannot, without violating every rule of law by which we should be governed in considering testimony, reject this as competent evidence. It will not do for courts, without evidence and against the evidence, to say, we fear something is wrong, and we will therefore arbitrarily disregard the testimony in the case without any assignable cause. Rules of law must be enforced, and rules of evidence must be adhered to, although a vague and intangible suspicion may be excited that possibly there may be some injustice in the case which the party has been unable to develop ; and although we might wish that the testimony were different, we have no right to have any wish upon the subject except to decide the case according to the law and the testimony. But the testimony of Daniel T. White is not less clear, positive and to the point than that of Mr. Smith. He says he heard the parties, several days before the agreement was executed, talking over the terms of the sale ; that he was present when Smith drew up the agreement, that defendant took it away to take counsel upon it, and subsequently returned with it and signed it in his presence ; that the agreement was distinctly read over to him ; that a long time after he repeatedly talked with the defendant about the sale, when he did not pretend but that he had sold the premises to the complainant, and expressed the hope that he would get employment so as to be able to pay for the lot; but that a year or more after, the defendant, for the first time, insisted to the witness that the paper he had executed was a lease and not an agreement to sell. Now this witness has either sworn to the truth or he has willfully perjured himself. Nay, in order to reverse this decree, we must not only convict Smith but also White of willful falsehood, and that too, without the least particle of evidence to contradict them or to impeach their characters. Other evidence is contained in the record in support of this decree, but it would be a useless waste of time to advert to it. The decree of the common pleas must be affirmed, and the suit remanded to that court that its decree may be enforced.

*Decree affirmed.*